UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED BELL (#179820)                               CIVIL ACTION

VERSUS

DEPT. OF PAROLE AND PROBATION, ET AL.               NO. 07-0911-A-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 24th day of January, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED BELL (#179820)                                                      CIVIL ACTION

VERSUS

DEPT. OF PAROLE AND PROBATION, ET AL.                     NO. 07-0911-A-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the East Baton Rouge Parish Prison, Scotlandville, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Parole and Probation and the Louisiana Department of Corrections, asserting that, after having been granted a supervised release from physical confinement in May, 1999, upon serving a portion of his criminal sentence, he was re-arrested in March, 2006, on an unrelated criminal offense and has since been held in confinement without there having been a new criminal conviction and without there having been a formal revocation of his supervised release. He apparently asserts that, since the period of his supervised release would have ended as a matter of course in the interim between his 2006 arrest and the present time, and since there has been no formal revocation of his supervised release during that time, his supervised release should be deemed ended, and he should no longer be subject to any form of restriction based upon the prior criminal conviction upon which his supervised release was based. He prays that his "parole be ended", that the "parole hold" which has been placed upon him be lifted, and for monetary damages based upon the defendants' alleged wrongful conduct.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton

v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's claim fails to rise to the level of a constitutional violation. Initially, the Court finds that the plaintiff, by naming only the Louisiana Department of Parole and the Louisiana Department of Corrections as defendants herein, has failed to state a claim or cause of action in this Court. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although the United States Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent consent by the state or congressional action, not here applicable, a state is immune from suit. This shield of immunity extends to the Louisiana Department of Parole and Probation and the Louisiana Department of Corrections as agencies of the State. As such, the defendants are entitled to dismissal from this action. Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Cf., McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995)("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity.")

Moreover, in the alternative, the Court finds that the plaintiff's claim for injunctive relief, compelling the Louisiana Board or Parole and/or the Louisiana Department of Corrections to end his supervised release and to lift his "parole hold" is more in the nature of a claim for habeas corpus relief which must be asserted as such, and only after he has exhausted state court remedies. See Serio v. Members of Louisiana Board of Pardons, 821 F.2d 1112 (5th Cir. 1987). Further, under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim for monetary damages under § 1983 is subject to dismissal because any grant of relief in connection with this claim would effectively call into question the validity of his confinement on the parole detainer. Accordingly, he is not entitled to relief on this claim unless and until he has obtained relief in connection with a properly asserted habeas corpus action. Therefore, any claim brought pursuant to § 1983 is legally frivolous and is subject to dismissal, with prejudice to its being asserted again until the Heck conditions are met", i.e., until he has successfully challenged his parole detainer in a separate proceeding. See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claim against the Louisiana Board of Parole and the Louisiana Department of Corrections be dismissed as barred by the Eleventh Amendment, and as legally frivolous, with prejudice to its being asserted until the conditions set forth in Heck v. Humphrey, are met.

Baton Rouge, Louisiana, this 24th day of January, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE